**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**PEOPLE'S CHOICE HOME LOAN, INC.**                                                      **PLAINTIFF**

**VERSUS**                                  **CIVIL ACTION NO. 4:05CV59-P-D**

**LATRENDA M. CITIZEN**                                                   **DEFENDANT**

**MEMORANDUM OPINION**

This cause is before the Court on the plaintiff's Motion to Compel Arbitration [6-1]. The Court, having reviewed the motion, the response, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

FACTUAL BACKGROUND

This case arises out of Latrenda M. Citizen's purchase of certain real property situated in Leflore County, Mississippi on or about January 29, 2003. People's Choice Home Loan, Inc. provided the financing for the transaction. As part of the loan agreement between the parties, Citizen executed an Adjustable Rate Note (the "Note") and Deed of Trust (the "Deed of Trust") (collectively, the "Loan Agreement") in favor of People's Choice.[1] In connection with the Loan, Citizen executed an arbitration agreement (the "Arbitration Agreement") which provides that "any dispute" between Citizen and People's Bank be resolved by binding arbitration. Specifically, the Arbitration Agreement provides in pertinent part:

---

[1] At the time of the loan transaction, Citizen was a resident of the State of Mississippi. People's Choice was a Wyoming corporation with its principal place of business in Irvine, California.

# AGREEMENT FOR THE ARBITRATION OF DISPUTES

Maintaining good relationships with our loan applicants and borrowers is very important to us. People's Choice Home Loan, Inc. . . . requests the person(s) named below . . . to contact us immediately if you have a problem with a loan application or loan transaction with us. Often a telephone call to us will resolve the matter amicably and as quickly as possible. However, if you and we are not able to resolve our difference informally, you and we agree that any dispute, regardless of when it arose, shall be settled, at you [sic] option of [sic] ours, by arbitration in accordance with the Agreement . . . .

. . .

Dispute: For purposes of this Agreement, a dispute is any claim or controversy of any nature whatsoever arising out of or in any way related to the Loan; the arranging of the Loan; any application inquiry or attempt to obtain the Loan; any Loan documents; the servicing of the Loan; or any other aspect of the Loan transaction. It included, [sic] but is not limited to, federal or state contract, tort, statutory, regulatory, common law and equitable claims . . . .

Arbitration: Arbitration is a means of having an independent third party resolve a dispute . . . .

Plaintiff's Exhibit D.[2]

The following language appears immediately above the signature line on the Arbitration

Agreement:

BY SIGNING BELOW YOU ACKNOWLEDGE THAT YOU HAVE READ AND UNDERSTOOD THIS AGREEMENT AND THAT YOU AGREE TO ALL OF ITS TERMS. YOU ALSO ACKNOWLEDGE THAT YOU HAVE RECEIVED A COPY OF THIS AGREEMENT.

THIS CONTRACT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES.

Plaintiff's Exhibit D. Despite said cautionary language, Citizen maintains that she signed the

Arbitration Agreement without reading it or otherwise acquainting herself with its contents.

---

[2] The Arbitration Agreement expressly excludes certain types of disputes from its coverage, none of which are applicable to the instant motion.

On August 31, 2004, Citizen and others filed suit against People's Choice in the Circuit Court of Leflore County, Mississippi, asserting claims arising out of and relating to the Loan, including claims for breach of fiduciary duty, misrepresentation, deceptive sales practices, fraudulent concealment, intentional infliction of emotional distress, breach of public policy, negligence, gross negligence, fraud, breach of contract, bad faith and negligence. Citizen requested compensatory damages in the amount of $100,000, as well as punitive damages, attorney's fees and expenses.

People's Choice filed a responsive pleading in the state court action on January 18, 2005. People's Choice averred therein that "[s]ome or all of Plaintiffs' [Citizen's] claims against the Defendant People's Choice may be subject to binding arbitration." Thereafter, People's Choice served Citizen on January 6, 2005 with a written demand for arbitration by way of letter addressed to Citizen's attorney. On January 12, 2005, Citizen notified People's Choice of her refusal to accede to its demand.

Thereafter, People's Choice filed the instant action, invoking this Court's jurisdiction under 28 U.S.C. § 1332, in which it seeks to enforce the provisions of the Federal Arbitration Act against Citizen. Plaintiff subsequently filed a Motion to Compel Arbitration, asserting that the contract obligates the plaintiff to submit to binding arbitration proceedings. The matter has been fully briefed and the Court is ready to rule.

LEGAL ANALYSIS

I.Applicability of the Federal Arbitration Act

The plaintiff's motion is premised on the Act's provisions. Section 2 of the FAA provides:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any

3

part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

Id.

The Arbitration Agreement explicitly states that arbitration is governed by the Federal Arbitration Act. 9 U.S.C. § 1 et seq. In addition, the affidavit of Irwin Gubman, General Counsel for People's Choice, is more than sufficient for purposes of establishing that the parties' loan agreement constitutes a transaction involving interstate commerce.[3]

The Fifth Circuit has established a two-part test for determining the applicability of the Act.

> First the court must determine whether the parties agreed to arbitrate the dispute. In conducting this inquiry, the court must determine whether a valid agreement to arbitrate exists, and whether the dispute in question falls within the scope of that arbitration agreement. Once the court finds that the parties agreed to arbitrate the claims, it must consider whether any federal statute or policy renders the claims nonarbitrable.

McClendon v. Conseco Bank, Inc., Civil Action No. 4:01CV89 (N.D. Miss. July 11, 2001) (citations omitted).

### A. Agreement to Arbitrate

In the instant case, the defendant does not seriously dispute the existence of an agreement to arbitrate. "A person is charged with knowing the contents of any document that he executes." Russell v. Performance Toyota, Inc., 826 So.2d 719, 726 (Miss. 2002). Defendant's signature on the Arbitration Agreement evidences her acquiescence to the terms stated therein, her failure to read

---

[3] Gubman's affidavit testimony is to the following effect: "People's Choice is a mortgage banking company providing mortgage loans nationwide through wholesale and retail channels via the internet, mortgage brokers and other distribution channels. People's Choice did not maintain and has not maintained an office in the State of Mississippi at any time relevant to this action." Defendant's Exhibit G at pp. 1-2.

it notwithstanding.[4] Furthermore, in view of the breadth of the arbitration provision before the Court and the admonition that Courts are to resolve all doubts in favor or arbitration, Harvey v. Joyce, 199 F.3d 790, 793 (5th Cir. 2000), the Court finds that each of the claims advanced by Citizen in her state court action fall within the scope of the Arbitration Agreement.

B. Enforceability

The Court having satisfied itself of the existence of an agreement to arbitrate, it is now necessary to consider "whether legal constraints external to the parties' agreement foreclose the arbitration of those claims." Gulf Ins. Co. v. Neel-Schaffer, Inc., 904 So.2d 1036, 1042 (Miss. 2004). Under this second element of inquiry, "applicable contract defenses available under state contract law such as fraud, duress, and unconscionability may be asserted to invalidate the arbitration agreement without offending the Federal Arbitration Act." East Ford, Inc. v. Taylor, 826 So.2d 709, 713 (Miss. 2002).

Citizen launches a wholesale attack on the enforceability of the Arbitration Agreement. She urges the Court to invalidate the Arbitration Agreement on grounds of fraud, as well as procedural and substantive unconscionability. The Court will address each of these arguments in turn.

1. Fraud

Citizen's response to the present motion is littered with allegations of fraud in the inducement, none of which are specific to the Arbitration Agreement itself.[5] Instead, Citizen's

---

[4] Ordinary principles of contract law apply in determining the existence of an agreement to arbitrate. Terminix International, Inc. v. Rice, 904 So.2d 1051, 1055 (Miss. 2004).

[5] Citizen testified in her sworn statement:

Q. Alright, so now were you just handed papers and told to sign them, Latrenda?

allegations of fraud attack the contract generally.

Under the severability doctrine announced by the Supreme Court in <u>Prima Paint Corp. V. Flood & Concklin Mfg. Co.</u>, 388 U.S. 395, 403-04, 87 S. Ct. 1801, 1806 (1967), a federal court cannot consider claims of fraud in the inducement of the contract as a whole in determining the enforceability of an arbitration provision under the FAA. "Only if the arbitration clause is attacked on an independent basis can the court decide the dispute; otherwise, general attacks on the agreement are for the arbitrator." <u>Will-Drill Res., Inc. v. Samson Res. Co.</u>, 352 F.3d 211, 218 (5th Cir. 2003). Accordingly, this Court is without authority to consider Citizen's claims of fraud in the inducement.

    2.    Unconscionability

Defendant also maintains that the Arbitration Agreement should be set aside because its provisions are unconscionable. Under Mississippi law, an unconscionable contract is "one such as

---

| | |
|---|---|
| A. | Yes, sir. He told me to just sign wherever the X is, put your initial here, or sign your full name here, and he just flipped over each page, you know, and just said sign here; sign here. And I said, this is a lot of paperwork for me to be signing and I haven't read it. |
| Q. | Alright |

\*\*\*

| | |
|---|---|
| A. | He said, everything is fine; just go on and sign here, sign here, and sign here. |
| Q. | So, you didn't read any of it? |
| A. | No, sir. |
| Q. | Did you– |
| A. | I didn't have time to. |
| Q. | He didn't give you time to? |
| A. | No. |
| Q. | Okay. |
| A. | I was in and out of there in about thirty minutes. |

Defendant's Exhibit B.

no man in his senses and not under a delusion would make on the one hand, and no honest and fair man would accept on the other." Entergy Mississippi, Inc. v. Burdette Gin Co., 726 So.2d 1202, 1207 (Miss. 1998). Mississippi recognizes two types of unconscionability: procedural and substantive. York v. Georgia-Pacific Corp., 585 F. Supp. 1265, 1278 (N.D. Miss. 1984).

a. Procedural

Procedural unconscionability focuses on the circumstances surrounding the formation of a contract. Among the appropriate factors for consideration in evaluating such a claim are lack of knowledge, lack of voluntariness, inconspicuous print, the use of complex legalistic language, disparity in sophistication or bargaining power of the parties and/or a lack of opportunity to study the contract and inquire about the contract terms. Taylor, 826 So.2d at 714.

Defendant avers that nearly all of the enumerated factors are present in this case. Citizen gave a sworn statement to the effect that she did not know the significance of the Arbitration Agreement before signing it, that the Agreement was filled with "legalese" and she had no opportunity to review the loan closing documents before signing them. In addition, defendant points to what she asserts is a disparity in sophistication and bargaining power as between People's Choice and herself; she further claims that she felt she had to sign all of the documents as a condition to completing the purchase of her home.

The Court has considered the record before it and finds that the evidence is insufficient to support a finding of procedural unconscionability. In the first place, Citizen's lack of knowledge regarding the contents of the Arbitration Agreement was the result of her poor judgment in failing to read the document before signing it. Had she done so, she would, no doubt, have been fully apprised of the importance of the Arbitration Agreement. As a second matter, the Court dismisses

Citizen's argument that the Arbitration Agreement was too complicated for a person of her intelligence and experience to understand. The Arbitration Agreement was set forth in a separate document with the words "Agreement for the Arbitration of Disputes" appearing in bold-face print and all capital letters; the Agreement's terms were spelled out in simple English. Defendant's argument that she lacked sufficient time to review the Arbitration Agreement before signing it is also questionable. Though Citizen testified to the swiftness of the transaction, there is no evidence before the Court that she asked for, or was refused, additional time to study the documents before signing them.

Citizen's other arguments respecting the voluntariness of her agreement are also without merit. While it is no doubt true that the defendant lacked the same degree of sophistication and bargaining power held by People's Choice, that in and of itself is insufficient to demonstrate procedural unconscionability. In order to succeed with such an argument, Citizen must also bring forth evidence of some other factor indicative of overreaching, e.g., the stronger party's terms are unnegotiable <u>and</u> "the weaker party is prevented by market factors, timing or other pressures from being able to contract with another party on more favorable terms or to refrain from contracting at all." <u>Vicksburg Partners, L.P v. Stephens</u>, 911 So.2d 507, 518 (Miss. 2005). In the instant case, as in that of <u>Stephens</u>, the only such evidence before the Court is the a self-serving statement contained in the defendant's brief to the effect that Citizen "felt that she must sign the documents as a condition to her being able to purchase a house." In the absence of any clearly probative evidence that Citizen's agreement to arbitrate was less than voluntary, the Court must find against Citizen on her claim of procedural unconscionability.

b. Substantive

Citizen also claims that the Court should refuse to enforce the Arbitration Agreement on grounds of substantive unconscionability. Substantive unconscionability "may be proven by showing the terms of the arbitration agreement to be oppressive." Taylor, 826 So.2d at 714. "Substantively unconscionable clauses have been held to include waiver of choice of forum and waiver of certain remedies." Id. See also Pitts v. Watkins, 905 So.2d 553, 555 (Miss. 2005).

Defendant attempts to cast the Arbitration Agreement as a kind of forum choice which should be avoided on grounds of oppressiveness. In doing so, she makes mention of her right to jury trial under the United States and Mississippi Constitutions. Citizen's argument is unfounded.

> The Seventh Amendment right to a trial by jury is limited by a valid arbitration provision that waives the right to resolve a dispute through litigation in a judicial forum. If a party's claims are properly before an arbitral forum pursuant to an arbitration agreement, therefore, the jury trial right vanishes.

Pioneer Credit Company v. Caldwell, 2003 WL 21517978, *4 (N.D. Miss. 2003). In this case, the defendant agreed to resolve her dispute with People's Choice through arbitration; thus, Citizen validly waived her right to a judicial forum, including the concomitant right to a trial by jury.

As a further matter, despite Citizen's argument to that she would be unable to recover punitive damages in an arbitration proceeding, the Arbitration Agreement in no wise limits the remedies available to defendant. The arbitration contract specifically provides: "The arbitrator shall have the authority to award any remedy or relief that a court in the State could order or grant." Plaintiff's Exhibit D.

The remainder of defendant's substantive unconscionability argument can be characterized as a spirited, though baseless, attack on the fairness of arbitration proceedings in general. Citizen

9

asserts that People's Choice would not have sought to include an arbitration agreement in their mortgage loan transaction with the defendant if the mortgagee had not been firmly convinced that an arbitral forum guaranteed it both tactical and substantive advantages.

Defendant's argument ignores the clear pronouncement of controlling case law. "There is nothing per se unconscionable about arbitration agreements. Stephens, 911 So.2d at 518 (citing EZ Pawn Corp. v. Mancias, 934 S.W.2d 87, 90 (Tex. 1996). Furthermore, Citizen's posturing aside, nothing about the Arbitration Agreement is suspect.[6] The arbitration provision equally binds both parties. There is no disparity in either party's ability to arbitrate any issue, and both parties are guaranteed the same rights by the agreement. In view of Citizen's inability to demonstrate that the Arbitration Agreement is unconscionable, the Court finds said agreement enforceable according to its terms.

C.      Duty to Compel Arbitration

Title 9, section 4 of the United States Code mandates the entry of an order compelling arbitration where "the making of the agreement for arbitration or the failure to comply therewith is not in issue." 9 U.S.C. § 4. As the foregoing analysis indicates, both of these elements have been satisfied. People's Choice is entitled to the entry of an Order compelling arbitration of the claims raised by Citizen in the state court litigation.[7]

---

[6] "The prospect that any Arbitrator, selected by People's Choice, to decide claims against People's Choice, will conclude that People's Choice is guilty of fraud/illegal conduct is simply non-existent. Flying pigs are more likely." Plaintiff's Opposition to Motion to Compel Arbitration at p. 21. "This agreement is totally one-sided. It only favors People's Choice. The [defendant] get[s] no benefit from arbitration as a matter of fact!" Id. at p. 22.

[7] The Court has considered the defendant's request for a stay of decision on grounds of the pending motion for class certification in the action styled Cleveland v. Coldwell Banker Real Estate Corporation, Civil Action No. 4:05CV110-M-B. The Court finds the grounds stated

10

D.   Stay of State Court Proceedings

As a further matter, the Court finds People's Choice's request that this Court order a stay of the underlying state court litigation insofar as it pertains to Latrenda Citizen's claims against it is well-taken and should be granted.  The Anti-Injunction Act provides:  "A court of the United States may not ... stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."   28 U.S.C. § 2283 (2002).  In the particular circumstances of this case, a stay is required to protect or effectuate this court's order that the controversy between the parties be submitted to arbitration. The court further finds that the policies embodied in the FAA militate against having ongoing state proceedings at the very time those same claims are the subject of arbitration proceedings.

## CONCLUSION

Based on the foregoing facts and analysis, the Court finds that the plaintiff's Motion to Compel Arbitration is well-taken and should be granted.

This, the 3rd day of February, 2006.

>  /s/ W. Allen Pepper, Jr.
>  W. ALLEN PEPPER, JR.
>  UNITED STATES DISTRICT JUDGE

---

insufficient to warrant a stay of the instant action.